UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYONG HWA WOLTER, et al.,

          NO. CIV. S-07-241 LKK/CMK

    Plaintiffs,

  v.

          O R D E R

PETER D. KEISLER, Acting
Attorney General, et al.,

    Defendants.

_____/

    Plaintiffs Gary and Kyong Wolter seek an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, against defendants U.S. Citizenship and Immigration Services, (then) Acting Attorney General Peter Keisler, Secretary of Homeland Security Michael Chertoff, and Officer in Charge of the CIS at the American Embassy in Seoul, South Korea Jose Olivares.  The court previously granted plaintiffs' motion for summary judgment, finding that defendants lacked substantial evidence to deny Mrs. Wolter an immigrant visa petition on the grounds she had previously entered into a fraudulent marriage for the purpose of evading immigration

1

laws. Defendants argue that an award of attorneys' fees is inappropriate because the position of the United States was substantially justified. Alternately, defendants argue that even if attorneys' fees are appropriate, the fees requested are excessive. For the reasons explained below, the court denies the motion.

## I. Background

The court incorporates the factual background to this case previously set forth in the court's November 15, 2007 order. To summarize, plaintiff Gary Wolter is a U.S. citizen who filed an immigrant visa petition on behalf of his wife, Kyong Wolter, who is a South Korean citizen. Defendants denied the petition on the grounds that Mrs. Wolter had previously entered into a fraudulent marriage for the purpose of evading immigration laws. 8 U.S.C. § 1154(c). The purportedly fraudulent marriage occurred 1984, when Mrs. Wolter married a man named Johnny Ray Rowe.

Defendants' evidence of marriage fraud derives from a statement that Mrs. Wolter purportedly made when she was taken into custody and questioned by a Border Patrol agent in 1986. The agent prepared a written sworn statement, which Mrs. Wolter signed, indicating that she had offered Mr. Rowe $4,000 to marry her and to obtain a green card of her behalf. Mrs. Wolter was then detained and placed in deportation proceedings for having stayed in the United States without authority. After obtaining release on bond, she absconded, and the immigration judge issued an order of deportation in absentia.

1 The Wolters were married in 1993.  Their first visa petition, filed in 1993, was granted but subsequently revoked when it was discovered that they had failed to disclose that Mrs. Wolter had previously been married and ordered deported.  The second and third visa petitions, filed in 1998 and 2004, were denied on the grounds that Mrs. Wolter had entered into a fraudulent marriage for the purpose of evading immigration laws.  The evidence relied upon was Mrs. Wolter's 1986 sworn statement.

Mrs. Wolter argued that her English skills were very poor at the time that she signed the statement.  This was corroborated by two of her friends, one of whom also indicated that Mrs. Wolter did not take English classes until after the incident with Border Patrol.  The court found that the facts of this case were roughly analogous to those in Guzman-Guzman v. INS, 559 F.2d 1149 (9th Cir. 1977), where the court found that sworn statements obtained from non-English speaking aliens who later disavowed the statements' contents were insufficient to constitute substantial evidence.  Based on that authority, the court concluded that the agency could not sustain its finding of marriage fraud.

## II. Analysis

Under the Equal Access to Justice Act, a court shall award attorney fees, costs and other expenses to a "prevailing party" in a civil action "brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. §

3

2412(d)(1)(A).

Here, there is no dispute that plaintiffs were the prevailing parties. Instead, the issue is whether the government's position was substantially justified. A position is substantially justified if it has a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988). This determination turns on a totality of the circumstances test, focusing on two questions: first, whether the government was substantially justified in taking its original action, and second, whether the government was substantially justified in defending that action in court. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

Even if the government was not substantially justified in taking its original action, its position as a whole may nevertheless be substantially justified. United States v. Marolf, 277 F.3d 1156, 1164 n.5 (9th Cir. 2002). With regard to its litigating position, the court must examine "extraneous circumstances" bearing upon the government's decision, the most important of which is "the existence of precedents construing similar statutes or similar facts." Id.

With regard to the government's original action, defendants argue that their denial of the visa petition was reasonable, given that plaintiff had signed a sworn statement admitting to marriage fraud, absconded when placed into deportation proceedings, failed to disclose her full immigration history when initially petitioning for a visa, and had a history of unsuccessful marriages to American citizens. The court's previous order granting summary judgment to

4

plaintiffs was predicated upon a finding that defendants' actions were unsupported by substantial evidence -- or, in essence, unreasonable. It would therefore be inconsistent for the court to now conclude that the defendants' actions were reasonable for the purpose of attorneys' fees, but unreasonable for the purpose of the Administrative Procedures Act.

That said, it is fair to note that Mrs. Wolter did not challenge the agency's consideration of the sworn statement at the administrative level with the force that she challenged the sworn statement in these proceedings. In addition, while Mrs. Wolter disavowed the "accuracy" of her sworn statement, she did not actually affirm that her marriage to Mr. Rowe was bona fide, whereas the witnesses in Guzman-Guzman testified that the contents of their sworn statements were in fact false. Compare Guzman-Guzman, 559 F.2d at 1150, with AR 23 (letter from Wolters' attorney stating "the 'admissions' . . . were neither informed nor accurate") and AR 25 (letter from Mrs. Wolter requesting that the agency "remove the sworn statement").

Even if the government was not substantially justified in its original action, its position as a whole may nevertheless be substantially justified. Marolf, 277 F.3d at 1164 n.5. In defending the lawsuit, defendants also relied upon Eide-Kahayon v. INS, 86 F.3d 147 (9th Cir. 1996). There, during an adjustment of status interview, the petitioner falsely claimed that her former husband was deceased. Id. at 148. The agency rescinded her legal permanent resident status upon discovering the misrepresentation.

5

Id. at 149. Subsequently, petitioner attempted to adjust status based on a subsequent marriage. The agency denied her request, given her prior false testimony. Id. On appeal, the petitioner, like Mrs. Wolter, attempted to deny having previously given false testimony. The Ninth Circuit held that she was collaterally estopped from raising the issue.

This court distinguished Eide-Kahayon on the grounds that the Ninth Circuit had previously ruled on the merits of the issue in a separate appeal, which found that "[t]he BIA's decision [involving her false testimony] [was] supported by substantial evidence." Eide-Kahayon v. INS, 5 F.3d 535 (9th Cir. 1993). The fact that Eide-Kahayon was distinguishable, however, does not necessarily render the government's litigation position unreasonable. While Eide-Kahayon did not ultimately support the government's position, it was reasonable for the government to rely upon its precedent in defending the denial of plaintiff's visa petition. See Kali, 854 F.2d at 331 (EAJA "requires only a showing that the government's case had a reasonable basis") (internal quotation marks omitted).

In light of all these considerations, the court finds that the government's position was "substantially justified" and that an award of attorneys' fees is inappropriate.

////
////
////
////

### III. Conclusion

For the reasons explained above, the motion for attorneys' fees is DENIED.

IT IS SO ORDERED.

DATED: March 14, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7